**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Raymond and Tasha Greenwood, husband and wife, individually and on behalf of their minor children, M.G. and A.G., as assignees of U.S. Catalytic Corporation, a California corporation and Camco Manufacturing, Inc., a North Carolina corporation,

Plaintiffs,

v.

Mepamsa, SA, a Spanish corporation, XL Insurance Switzerland, a Swiss corporation, XL Insurance America, Inc., a Delaware corporation, XL Specialty Insurance Company, a Delaware Corporation, XL Reinsurance America Inc., a New York corporation,

Defendants.

No. CV-11-08040-SMM

**ORDER**

Before the Court is Defendants XL Insurance America, Inc., XL Specialty Insurance Company, and XL Reinsurance America, Inc.'s Motion to Dismiss themselves as parties to this case. (Doc. 18). Plaintiffs responded (Doc. 21) and Defendants XL Insurance America, Inc., XL Specialty Insurance Company, and XL Reinsurance America, Inc. replied. (Doc. 22). After consideration of the issues, the Court finds the following.[1]

---

[1] The parties requested oral argument in connection with this Motion to Dismiss. (Docs. 18, 21). The parties have had the opportunity to submit briefing. Accordingly, the Court finds the pending motions suitable for decision without oral argument and the parties' request is denied. See LRCiv 7.2(f).

**BACKGROUND**

Plaintiffs Raymond and Tasha Greenwood and their minor children ("the Greenwoods") were severely burned on December 10, 2007 by an allegedly defective product, the Olympian Wave 8 Catalytic Safety heater ("the heater"). (Doc. 1 at 7). The Greenwoods filed suit in Apache County Superior Court of Arizona against the heater's manufacturer, Mepamsa, SA ("Mepamsa"), and its current and former distributors, Camco Manufacturing, Inc. ("Camco") and U.S. Catalytic Corporation ("U.S. Catalytic"), respectively. (Doc 1 at 5). At the time of the Greenwoods' injuries, XL Insurance Switzerland ("XL Switzerland") was allegedly Mepamsa's international liability insurer for products to be sold in the United States. (Doc. 1 at 4). Camco and U.S. Catalytic take the position that Mepamsa and XL Switzerland were under a duty to indemnify them for the Greenwoods' claims. (Doc. 1 at 8). Camco and U.S. Catalytic settled with the Greenwoods on the condition that the settlement only be enforced through an assignment of Camco and U.S. Catalytic's indemnification claims to the Greenwoods. (Doc.1 at 8).

On March 16, 2011, Plaintiffs brought suit alleging six counts. (Doc. 1). In Count I, Plaintiffs seek a declaratory judgment that XL Switzerland has a duty to indemnify Camco and U.S. Catalytic for costs incurred from the settlement with the Greenwoods. (Doc.1 at 8). Count II alleges breach of contract against XL Switzerland while also mentioning XL Insurance America, Inc., XL Specialty Insurance Company, and XL Reinsurance America, Inc., referred to collectively in the Complaint as "XL America." (Doc 1 at 10). Count III alleges breach of covenant of good faith and fair dealing against XL Switzerland. Id.[2]

On April 14, 2011, XL Insurance America, Inc., XL Specialty Insurance Company, and XL Reinsurance America, Inc. filed a Motion to Dismiss themselves as parties to the case because the Complaint fails to (1) properly make allegations against XL Insurance America, Inc., XL Specialty Insurance Company, and XL Reinsurance as Defendants and (2)

---

[2] Counts IV, V, and VI allege breach of covenant of good faith and fair dealing, and seek common law and statutory indemnity from Mepamsa. (Doc. 1 at 12-14) These counts are not pertinent to this Motion to Dismiss.

allege the existence of a contract between Plaintiffs or their assignors and these Defendants that would give rise to liability. (Doc. 18). Plaintiffs responded by contending that the Court should read the names XL Insurance America, Inc., XL Specialty Insurance Company, and XL Reinsurance America, Inc. into the Complaint as Defendants and that these parties are liable under several contract theories. (Doc. 21 at 3).

**STANDARD OF REVIEW**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). If a plaintiff fails to state a claim, a defendant may move in a written motion, separate from the responsive pleading, that the court dismiss the action for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Even though a complaint subject to dismissal for failure to state a claim is not required to provide "detailed factual allegations" in order for a plaintiff to meet their burden, a plaintiff must present more than labels and conclusions, or a formulaic recitation of the elements of the asserted cause of action. Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss for failure to state a claim, a plaintiff must state enough facts so that the claim is plausible on its face. Id. at 570. The Supreme Court does not require a heightened pleading standard, just enough facts to push the claim across the threshold from conceivable to plausible. Id.

The Court will treat all allegations of material fact in the complaint as true and construe the complaint in the light most favorable to the plaintiff. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). But "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Ove v. Gwinn, 264 F.3d 817, 821 (9th Cir. 2001) (citing Associated Gen. Contractors v. Metro. Water Dist. of S. Cal., 159 F.3d 1178, 1187 (9th Cir. 1998)). If the Court finds that a plaintiff does not allege enough facts to support a cognizable legal theory, the Court may dismiss the claim. SmileCare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996). "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not have been saved by any amendment." Polich v. Burlington N., Inc., 942 F.2d 1467,

1472 (9th Cir. 1991) (citing Kelson v. City of Springfield, 767 F.2d 651 (9th Cir. 1985)). When exercising its discretion to deny a leave to amend, "a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

**DISCUSSION**

**I. Motion to Dismiss Counts I and III**

Defendants XL Insurance America, Inc., XL Specialty Insurance Company, and XL Reinsurance America, Inc. contend that they should be dismissed from Counts I and III of the Complaint because Plaintiffs fail to state a claim against them. (Doc 18 at 6); Fed. R. Civ. Pro. 8(a). Plaintiffs acknowledge that XL Insurance America, Inc., XL Specialty Insurance Company, and XL Reinsurance America, Inc. are not mentioned in Counts I and III, which they attribute to "clerical error." (Doc. 21 at 5). Consequently, Plaintiffs request that the Court read the names XL Insurance America, Inc., XL Specialty Insurance Company, and XL Reinsurance America, Inc. into Counts I and III because "courts routinely assume the correct information when faced with a typographical error in a complaint." (Doc. 21 at 5 (citing Townsend v. Standard Life Ins., 2004 U.S. Dist. LEXIS 22918 (N.D. Tex. Nov. 12, 2004)).

The Court will not read XL Insurance America, Inc., XL Specialty Insurance Company, and XL Reinsurance America, Inc. into Counts I and III of the Complaint. Even assuming that Plaintiff's omission is attributable to clerical error, Townsend is inapplicable because of the difference in the severity of error involved. In Townsend, an unreported district court case from the Fifth Circuit, the court substituted the correct dates for two clearly erroneous dates listed in the complaint that had little bearing on the validity of the complaint as a whole. Townsend, 2004 U.S. Dist. LEXIS 22918, at *6. By contrast, Counts I and III fail to mention XL Insurance America, Inc., XL Specialty Insurance Company, and XL Reinsurance America, Inc. at all. To comply with Rule 12(b)(6), a complaint must give the defendant fair notice of what the claim is and the grounds on which it rests, and its allegations must plausibly suggest that the plaintiff is entitled to relief. See Ashcroft v. Iqbal,

129 S. Ct. 1937, 1949 (2009). Defendants XL Insurance America, Inc., XL Specialty Insurance Company, and XL Reinsurance America, Inc. have not received fair notice because allegations are not made against them in Counts I and III and the Court will not assume that Defendants intended to name them.

**II. Motion to Dismiss Count II**

Defendants XL Insurance America, Inc., XL Specialty Insurance Company, and XL Reinsurance America, Inc. contend that they should be dismissed because they are only briefly mentioned in Count II. (Doc. 18 at 6). Plaintiffs assert that Count II is sufficient and that these Defendants are "nitpicking." (Doc. 21 at 5). Count II, which alleges breach of contract, is the only count that includes even a passing mention of Defendants XL Insurance America, Inc., XL Specialty Insurance Company, and XL Reinsurance America, Inc. (Doc. 1 at 10). However, the mere mention of these parties is insufficient to give Defendants notice or explanation of how Count II pertains to them. Further, unlike XL Switzerland, Defendants XL Insurance America, Inc., XL Specialty Insurance Company, and XL Reinsurance America, Inc. are not included in Count II's prayer for judgment or heading. (Doc. 1 at 10). Because XL Insurance America, Inc., XL Specialty Insurance Company, and XL Reinsurance America, Inc.'s alleged involvement in the activities discussed in Count II is unclear, these parties are dismissed without prejudice.[3]

**CONCLUSION**

**IT IS HEREBY ORDERED GRANTING** Defendants' Motion to Dismiss XL Insurance America, Inc., XL Specialty Insurance Company, and XL Reinsurance America, Inc. (Doc. 18) without prejudice.

/ / /

/ / /

---

[3] Defendants XL Insurance America, Inc., XL Specialty Insurance Company, and XL Reinsurance America, Inc.'s claim that they are not liable because they were not a party to any contract with Plaintiffs need not be addressed at this juncture because the parties are dismissed on other grounds. (Doc. 18 at 7).

**IT IS FURTHER ORDERED** that Plaintiffs are given leave to amend their Complaint (Doc. 1) pursuant to Federal Rule of Civil Procedure 15.

DATED this 22nd day of June, 2011.

Stephen M. McNamee
United States District Judge