**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Greenwood, et al., | No. CV-11-8040-PCT-SMM |
| Plaintiffs, | **MEMORANDUM OF DECISION AND ORDER** |
| v. | |
| Mepamsa, SA, et al., | |
| Defendants. | |

Before the Court is the Motion for Rule 54(b) Judgment of Dismissal with Prejudice of Defendants XL Specialty Insurance Company and XL Insurance Switzerland Ltd. (Doc. 49.) The matter is fully briefed. (Doc. 49; Doc. 50; Doc. 51.)

## BACKGROUND

Plaintiffs and their minor children were severely burned on December 10, 2007 by an allegedly defective product, the Olympian Wave 8 Catalytic Safety heater ("the heater"). (Doc. 26 ¶ 31.) On April 9, 2008, Plaintiffs filed suit in Apache County Superior Court of Arizona (the "underlying lawsuit") against the heater's manufacturer, Mepamsa, and its current and former distributors, Camco Manufacturing, Inc. ("Camco") and U.S. Catalytic Corporation ("U.S. Catalytic"), respectively. (Doc. 26 ¶¶ 22, 26, 32.) At the time of Plaintiffs' injuries, XL Insurance Switzerland was allegedly Mepamsa's international liability insurer for products to be sold in the United States. (Doc. 26 ¶¶ 6, 8-9.) Camco and U.S. Catalytic contend that Mepamsa and XL Insurance Switzerland were under a duty to indemnify them for Plaintiffs' claims pursuant to an Insurance Policy (the "Policy") issued

by XL Insurance Switzerland to Mepamsa through its parent company, and a Distributor/Agent Agreement and certificates of insurance furnished by Mepamsa. (Doc. 26 ¶¶ 22-28.)

On March 10, 2011, Camco and U.S. Catalytic entered into a "Damron" agreement with Plaintiffs after Mepamsa, XL Insurance Switzerland, and XL Specialty Insurance allegedly refused to defend them in the underlying lawsuit. See Damron v. Sledge, 105 Ariz. 151, 460 P.2d 997 (1969). Through this agreement, Camco and U.S. Catalytic assigned their indemnification claims to Plaintiffs. (Doc. 26 ¶ 1.) The Policy contained a forum selection clause stating that disputes arising from the Policy must be heard in Switzerland. (Doc. 39-1 at 2.) Further, the Distributor/Agent Agreement between Mepamsa and Camco and U.S. Catalytic contained an arbitration provision stating that any disagreement must be submitted for arbitration to the International Chamber of Commerce (the "ICC") in Paris, France. (Doc. 26 ¶ 24.) Plaintiffs have commenced arbitration proceedings before the ICC. (Doc. 26 ¶ 70.)

On July 13, 2011, Plaintiffs brought suit against XL Insurance Switzerland and XL Specialty Insurance (collectively "XL Defendants"), and Mepamsa, alleging six counts. (Doc. 26.) In Count I, Plaintiffs seek a declaratory judgment that XL Insurance Switzerland has a duty to indemnify Camco and U.S. Catalytic for costs incurred from the settlement of the underlying litigation with Plaintiffs. (Doc. 26 at 14-16.) Count II alleges breach of contract against XL Insurance Switzerland and XL Specialty Insurance. (Doc 26 at 16.) Count III alleges breach of covenant of good faith and fair dealing against XL Insurance Switzerland and XL Specialty Insurance. (Doc. 26 at 16-18.) Count IV alleges breach of covenant of good faith and fair dealing against Mepamsa. (Doc. 26 at 19-21.) Count V seeks common law indemnity against Mepamsa. (Doc. 26 at 21.) Count VI seeks statutory indemnity against Mepamsa. (Doc. 26 at 22.)

On October 11, 2011, the Court issued Orders granting XL Insurance Switzerland and XL Specialty Insurance Co.'s Motions to Dismiss pursuant to Rule 12(b)(3), finding that Switzerland is the exclusive forum for disputes under the Policy. (Doc. 48.)

1     Mepamsa also sought dismissal on grounds that its dispute with Plaintiffs must be
2 resolved in its entirety through arbitration before the ICC. (Doc. 33.) The Court ordered a
3 stay of Plaintiffs' claims against Mepamsa pending the outcome of ongoing arbitration
4 proceedings. (Doc. 48.)

**DISCUSSION**

6     Rule 54(b) allows a court to direct the entry of a final judgment as to one or more but
7 fewer than all of the claims or parties only upon an express determination that there is no just
8 reason for delay and upon an express direction for the entry of judgment. Fed. R. Civ. P.
9 54(b). In determining whether to direct the entry of final judgment on a claim under Rule
10 54(b), a district court first must determine whether it is dealing with a final judgment.
11 Curtiss-Wright Corp. v. Gen Elec. Co., 446 U.S. 1, 7 (1980). A final judgment is a decision
12 where either a separate claim for relief has been completely resolved in a multiple claim
13 action or the rights and liabilities of at least one party has been completely resolved in a
14 multiple party action. Id. Once finality is established, the court may direct the entry of final
15 judgment only by making an "express determination that there is no just reason for delay."
16 Fed. R. Civ. P. 54(b); Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005).

17     The Court finds that the judgment dismissing Plaintiffs' claims against XL Defendants
18 is a final one. In granting XL Defendants' Motion to Dismiss, the Court determined that
19 Plaintiffs' claims against XL Defendants under the Policy were subject to the Forum
20 Selection Clause contained in the Policy. (Doc. 48).

21     Additionally, the Court finds that there is no just reason for delay. The legal issue
22 considered in XL Defendants' Motion to Dismiss, whether the Forum Selection Clause
23 contained in the Policy obligated Plaintiffs to pursue their claim against XL Defendants in
24 Switzerland, is distinct from the issue of whether Plaintiffs' indemnification claims against
25 Mepamsa will be fully resolved by the ongoing ICC arbitration. See Frank Briscoe Co. v.
26 Morrison-Knudsen Co., 776 F.2d 1414, 1416 (9th Cir. 1985) (stating that findings by the
27 district court should include "a determination whether, upon any review of the judgment
28 entered under the rule, the appellate court will be required to address legal or factual issues

1  that are similar to those contained in the claims still pending before the trial court"). The
2  appellate court will not have to decide the same issues more than once if a subsequent appeal
3  is taken. Thus, the Court finds that entry of a Rule 54(b) final judgment is appropriate.
4  Accordingly,

5  **IT IS HEREBY ORDERED GRANTING** Motion for Entry of Rule 54(b) Judgment
6  of Dismissal with Prejudice of Defendants XL Specialty Insurance Company and XL
7  Insurance Switzerland. (Doc. 49.)

8  **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter final
9  judgment as to Defendants XL Specialty Insurance Company and XL Insurance Switzerland.

10 **IT IS FURTHER ORDERED** that Plaintiffs' Cross-Motion for Stay of Claims (Doc.
11 37) granted October 11, 2011 (Doc. 48) remains in force as to Plantiffs' claims against
12 Defendant Mepamsa.

13 **IT IS FURTHER ORDERED** requiring Plaintiffs to file a status report regarding the
14 progress of this case through arbitration before the ICC. Plaintiffs' status report is due by
15 **October 19, 2012**.

16 DATED this 14th day of September, 2012.

Stephen M. McNamee
Senior United States District Judge