| | |
|---|---|
| 1 | **HINSHAW & CULBERTSON LLP** |
|   | 3200 N. Central Avenue, Suite 800 |
| 2 | Phoenix, AZ 85012 |
|   | 602-631-4400 |
| 3 | 602-631-4404 |
|   | ddudzik@hinshawlaw.com |
| 4 | Darrell S. Dudzik (016465) |
| 5 | **HINSHAW & CULBERTSON LLP** |
|   | One California Street, 18th Floor |
| 6 | San Francisco, CA 94111 |
|   | 415-362-6000 |
| 7 | 415-834-9070 |
|   | rromero@hinshawlaw.com |
| 8 | Robert J. Romero (*admitted pro hac vice*) |
| 9 | **HINSHAW & CULBERTSON LLP** |
|   | 11601 Wilshire Boulevard, Suite 800 |
| 10 | Los Angeles, CA 90025 |
|   | 310-909-8000 |
| 11 | 310-909-8001 |
|   | rtamaddon@hinshawlaw.com |
| 12 | Ray Tamaddon (*admitted pro hac vice*) |

Attorneys for XL Specialty Insurance Company and XL Insurance Switzerland Ltd

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond and Tasha Greenwood, husband and wife, individually and on behalf of their minor children, M.G. and A.G., as assignees of U.S. Catalytic Corporation, a California corporation and Camco Manufacturing, Inc., a North Carolina corporation,<br><br>          Plaintiffs,<br>vs.<br><br>Mepamsa, SA, a Spanish corporation, XL Insurance Switzerland, a Swiss corporation, XL Insurance America, a Delaware corporation, XL Specialty Insurance Company, a Delaware corporation, XL Reinsurance America, Inc., a New York corporation,<br><br>          Defendants. | No. CV11-08040-SMM<br><br>**DEFENDANTS XL SPECIALTY INSURANCE COMPANY AND XL INSURANCE SWITZERLAND LTD'S MOTION AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES FOR AWARD OF ATTORNEYS' FEES** |

Defendants XL Specialty Insurance Company ("XL Specialty") and XL Insurance Switzerland Ltd ("XL Switzerland") (collectively, "XL Defendants"), through

undersigned counsel, hereby move the Court for an award of attorneys' fees in the amount of $130,665.50 jointly in favor of XL Specialty and XL Switzerland against plaintiffs Raymond and Tasha Greenwood, individually and on behalf of their minor children, M.G. and A.G (collectively, "Plaintiffs").  This motion is supported by the Declaration of Ray Tamaddon and supporting Itemized Statement of Attorneys' Fees.

The Motion is based on the following Memorandum of Points and Authorities, the pleadings, files and records of this action, the Declaration of Ray Tamaddon, and on matters of which the Court may take judicial notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION.

The XL Defendants herein seek an award of attorneys' fees against Plaintiffs.  The requirements of Local Rule 54.2 are set forth below.

### II. THE APPLICABLE JUDGMENT AND THE STATUTORY AUTHORITY ENTITLING XL DEFENDANTS TO AN AWARD OF ATTORNEYS FEES.

The applicable judgment that entitles the XL Defendants to an award of attorneys fees was entered by this Court on September 14, 2012.  (*see*, Document No. 55).  The statutory authority for this motion is A.R.S. § 12-341.01(A).  The XL Defendants seek $130,665.50 in attorneys' fees from Plaintiffs.

### III. ELIGIBILITY AND ENTITLEMENT TO FEES.

This matter arises out of an insurance coverage action by Plaintiffs against the XL Defendants.  Plaintiffs contended in their complaint that they were entitled to benefits under a policy of international liability insurance issued to defendant Mepamsa, S.A., effective July 23, 2007 ("Policy").  Declaration of Ray Tamaddon ("Tamaddon Decl.") at ¶ 3.  After a series of motions to dismiss pursuant to FRCP 12(b)(3) and 12(b)(6) (*see*, Document Nos. 18, 25, 31, and 32) on October 11, 2011, this Court granted the XL Defendants' motions to dismiss on the ground of improper venue based on a forum

selection clause in the Policy. (Doc No. 48). The judgment that entitles XL Defendants to an award of attorneys' fees was entered by the Court on September 14, 2012 (Document No. 55).

A.R.S. § 12-341.01(A) provides that a prevailing party in a breach of contract case is entitled to an award of attorneys fees. It provides in pertinent part: "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees."

In *Clark Equipment Co. v. Arizona Property and Cas. Ins. Guar. Fund*, 189 Ariz. 433 (Ariz.App. 1997) (*rev. denied*), the court dealt with the issue of whether an insured's action against its insurer for breach of contract and bad faith entitled the prevailing party to attorneys fees under A.R.S. § 12-341.01(A):

> We find that attorneys' fees are appropriate under A.R.S. section 12-341.01(A) because the complaint alleges, and the judgment is based upon, a breach of contract. . . . [¶] Without the insurance contract between Clark and Integrity, there would have been no dispute between Clark and the Fund. Clark's cause of action was for breach of the contract on which the Fund was "deemed the insurer." A.R.S. § 20-667(C). . . .[T]he insurance contract defined the Fund's rights and obligations with respect to Clark. Clark brought suit to enforce those rights and the Fund sought to avoid its obligations using contractual defenses. . . . Moreover, our courts have recognized that an award of fees under A.R.S. section 12-341.01(A) is not precluded merely because an action combines two theories of recovery, one which allows a fee award and one which does not, so long as, "but for" the contract claim, there would be no liability. [Citation omitted.]

*Id.* at 445-446. *Accord, Nationwide Mutual Ins. Co. v. Granillo*, 117 Ariz. 389, 394-395 (Ariz.App. 1977) (*rev. denied*) (successful party defendant in an insurance coverage declaratory relief action entitled to attorneys' fees pursuant to A.R.S. § 12-341.01 even though prevailing party was not a "party to the [insurance] contract").

23222158v1 0921958

More recently, in *Potter v. U.S. Specialty Ins. Co.*, 209 Ariz. 122 (Ariz.App. 2004) (*rev. dismissed*), an insured sued its aircraft insurer for breach of contract and insurance bad faith.  The court held that the prevailing insurer was entitled to attorneys' fees under A.R.S. § 12-341.01 despite the insured's argument that the insurance claim was novel and meritorious, the insurer was in a stronger economic position than the insured and an award of fees would deter others from litigating tenable claims. *Id.* at 125.

Similarly here, Plaintiffs brought an action for breach of contract (*i.e.*, the Policy) and bad faith against the XL Defendants.  Tamaddon Decl. at ¶ 3.  Plaintiffs contended in their First Amended Complaint ("FAC") that they were entitled to benefits under a policy of international liability insurance issued to Mepamsa ("Policy").  (Document No. 26 at 2, 5)  In the FAC, Plaintiffs themselves sought attorneys' fees pursuant to A.R.S. § 12-341.01.  The XL Defendants are prevailing parties on *all* issues.  Tamaddon Decl. at ¶ 4.  Accordingly, the XL Defendants are entitled to an award of attorneys' fees pursuant to A.R.S. § 12-341.01.

## IV.     REASONABLENESS OF THE REQUESTED AWARD.

XL Specialty and XL Switzerland incurred at least the sum of $130,665.50 in connection with defending themselves against Plaintiffs' complaint.  Tamaddon Decl. at ¶¶ 4-6.  The attorneys' fees the XL Defendants seek were reasonably and necessarily incurred in their defense of Plaintiffs' lawsuit.  Fees were also necessarily and reasonably incurred in preparing and filing this motion and exhibits.  Tamaddon Decl. at ¶ 7.

A discussion of the factors in Local Rule 54.2(c)(3) follows:

(A)     *Required time and labor of counsel and* (B) *The novelty and difficulty of the questions presented*:  The issues presented in this case were novel and complex.  They involved, at a minimum, the following:

(i)  Liability of third party administrators to policyholders;

4

(ii) Assignment of insurance and "bad faith" claims under an insurance policy issued by a Swiss insurer to a Spanish company which allegedly agreed to name its American distributors as additional insureds;

(iii) Service of process through the Hague Convention;

(iv) The "joint venture exception" under Arizona law for the general rule of the requirement of a contract for stating a breach of contract cause of action against an insurer;

(v) Attacking the reasonableness of the underlying stipulated judgment/settlement (*i.e.*, "*Damron* agreement") entered into by Plaintiffs;

(vi) Liability of a manufacturer to distributor where the court has determined that the product at issue was not defective;

(vii) Forum selection clause enforcement under Ninth Circuit law, including all related sub-issues;

(viii) Choice of law, particularly where designated law is foreign law;

(ix) Personal jurisdiction over XL Switzerland in light of the particular facts of the case, including all related sub-issues;

(x) Liability of XL Specialty based on an "agency theory" alleged by Plaintiffs in their FAC;

(xi) Whether the FAC complied with the recent U.S. Supreme Court pleading standards;

(xii) Validity of underlying *Damron* agreement entered into with U.S. Catalytic in light of Plaintiffs' assertion of no liability against U.S. Catalytic in the underlying products liability action;

(xiii) Various aspects of Swiss law regarding insurance coverage actions and Plaintiffs' remedies in Switzerland;

5

23222158v1 0921958

(xiv) Various appeal issues;

(xv) Motion for judgment and for attorneys fees in light of Court's grant of motions to dismiss.

Accordingly, the time and labor expended by counsel, as set forth in the attached Task-Based Itemized Statement, were reasonable in the context of this case and the above issues.

(C) *The skill requisite to perform the legal service properly:* This information is set forth in detail in the attached Declaration of Ray Tamaddon at ¶ 8.

(D) *The preclusion of other employment by counsel because of the acceptance of the action:* It cannot be gainsaid that the time spent by counsel on this matter precluded counsel from working on other matters.

(E) *The customary fee charged in matters of the type involved:* As set forth in the attached Declaration of Ray Tamaddon, the hourly rates charged by counsel are very competitive and considered the norm in the industry for the type of legal work involved in the instant case.

(F) *Whether the fee contracted between the attorney and the client is fixed or contingent:* The fee charged the XL Defendants was not fixed or contingent, but based on an agreed-upon hourly rate.

(G) *Any time limitations imposed by the client or circumstances:* Counsel complied with all deadlines imposed by the FRCP as well as local rules to file the motions and otherwise conduct the litigation. Counsel is not aware of any other time limitations other than the general expectation of the clients that all tasks be performed within a reasonable time frame.

(H) *The amount of money, or the value of the right, involved, and the results obtained:* Plaintiffs sought to recover at least $6.5 million (the value of the underlying

23222158v1 0921958

settlements with the two alleged policyholders from whom Plaintiffs obtained an assignment) plus extra-contractual damages, including punitive damages from the XL Defendants. Tamaddon Decl. at ¶ 3. As a result of the XL Defendants' win, Plaintiffs were prevented from pursuing their damages claims against the XL Defendants in the United States. To date, we are not aware that Plaintiffs have attempted to assert the same claims in a Swiss court.

(I) *The experience, reputation and ability of counsel*: This information is set forth in detail in the attached Declaration of Ray Tamaddon at ¶ 8.

(J) *The "undesirability" of the case:* Not applicable.

(K) *The nature and length of the professional relationship between the attorney and the client:* Not applicable.

(L) *Awards in similar actions*: Not applicable because of the unique facts and circumstances of the case.

(M) *Any other matters deemed appropriate under the circumstances:* None.

## V. CONCLUSION.

The XL Defendants prevailed in this action for breach of contract against Plaintiffs. Accordingly, pursuant to A.R.S. § 12-341.01, the XL Defendants respectfully request that the Court award attorneys' fees and costs in the amount of $130,665.50 jointly in favor of XL Specialty and XL Switzerland against Plaintiffs.

DATED this 25th day of September, 2012.

HINSHAW & CULBERTSON LLP

/s/ Darrell S. Dudzik
Darrell S. Dudzik
Robert J. Romero
Ray Tamaddon
Attorneys for XL Insurance Switzerland Ltd

**CERTIFICATE OF SERVICE**

I certify that on the 25th day of September, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Daryl M. Williams, Esq.
Baird Williams & Greer, L.L.P.
darylwilliams@bwglaw.net
6225 North 24th Street, Suite 125
Phoenix, Arizona  85016

By_____/s/ Karen Larsen_____

23222158v1  0921958